In the United States Bankruptcy Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| In re: | § § § § § | Case No. 20-30036<br>Chapter 13 |
| Christina Chambers,<br>Debtor | | |

| | | |
|---|---|---|
| Christina Chambers,<br>Plaintiff | § § § § § § § § | |
| v. | | Adversary No. _____ |
| Santander Consumer USA Inc.,<br>Defendant | | |

## Plaintiff's Original Complaint for Turnover and Damages

Plaintiff Christina Chambers files this original complaint (the "Complaint") against Defendant Santander Consumer USA Inc. ("Santander") and would show the Court as follows:

1. Chambers filed the above-styled and numbered chapter 13 bankruptcy case, pursuant to 11 U.S.C. § 301, on January 3, 2020. Chambers is properly a plaintiff to the Complaint as a result of her bankruptcy filing.

## Jurisdiction and Venue

2. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 to consider the claims of this Complaint because the claims relate to contempt and sanctions for violation of the automatic stay. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), and (G). Chambers brings this Complaint pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105, 301, 362, 522, 541, 542, 1303, and 1322.

3. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(c) to consider the claims of this Complaint related to the tort of conversion, which exists under the common law of

the State of Texas. Chambers consents to the entry of final orders and judgment by the bankruptcy judge.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## Defendant Service

5. Defendant Santander may be served by mailing a copy of the summons and complaint to its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## Background

6. Chambers owes a debt to Santander in the amount of $17,553.00. The debt is secured by a 2014 Ford Mustang (the "Vehicle"). The Vehicle is property of the estate pursuant to 11 U.S.C. § 1306.

7. Santander repossessed the Vehicle on or about December 27, 2019. In addition, personal property items were located in the Vehicle at the time of the repossession that have not been returned to Chambers. Chambers' personal property is property of the estate pursuant to 11 U.S.C. § 1306.

8. On January 3, 2020, Chambers commenced this bankruptcy by filing a petition for chapter 13 bankruptcy. The filing of the petition constituted an order for relief under 11 U.S.C. § 301. On the same date, Chambers, through counsel, gave Santander written notice of the filing via facsimile and telephonic communication[1] and demanded that Santander provide information for the return of the Vehicle.

---

[1] On January 3, 2020, Counsel's office for the Debtor communicated with Nate at Santander. On January 3, 2020, Nate verified the bankruptcy filing. Nate informed counsel's office that a release would be sent to the local lot and the vehicle should be released within 24 hours.

9. On January 6, 2020, after Chambers failed to receive either the Vehicle or information for the return of the Vehicle, personnel from Chambers' counsel's office made a second demand upon Santander by telephone for the return of the Vehicle.

10. On January 7, 2020, personnel from Chambers' counsel's office sent a second written demand to Santander via facsimile for the immediate return of the Vehicle.

11. On January 8, 2020, counsel for Chambers sent a final written demand to Santander via facsimile for the immediate return of the Vehicle.

12. Notwithstanding the notice of filing and the subsequent written and oral communications, Santander has failed to return the Vehicle.

13. On information and belief, Santander has improperly failed to return repossessed vehicles in a number of other bankruptcy cases.[2]

14. The Vehicle is property of the estate.

## Causes of Action

**I.   Violation of the Automatic Stay**

15. The filing of Chambers' petition for chapter 13 bankruptcy on January 3, 2020 operated as a stay, applicable to Santander, pursuant to 11 U.S.C. § 362(a).

16. At the time of the filing of this Complaint, there is no exception to the automatic stay applicable either to Santander or to the debt that Chambers owes to Santander.

17. After the filing of Chambers' bankruptcy petition, the automatic stay was in full force and effect pursuant to 11 U.S.C. § 362(c)(1) and (2).

---

[2] Chambers has allegedly been informed that her vehicle may be available for pick up on Friday, January 17, 2020. However, counsel for Chambers office has previously been informed that the vehicle would be available for pickup. Chambers needs her vehicle and needs a court order to obtain her vehicle.

18. Santander has had actual notice of Chambers' bankruptcy filing since January 3, 2020 when Chambers sent notice of the bankruptcy filing to it by facsimile and counsel's office also communicated with Santander by telephone. Santander received additional actual notice of the bankruptcy filing on January 6, 7, and 8 when personnel from Chambers' counsel's office and Chambers' counsel himself again demanded the return of the Vehicle.

19. Despite these repeated demands, Santander has failed to return the Vehicle. In doing so, Santander has acted in defiance of the automatic stay.

20. Santander's actions have caused damages to Chambers as she requires the Vehicle for transportation to and from her employment.

21. Santander's ongoing refusal to return the Vehicle despite the demands that it do so is collection action in violation of the automatic stay. Santander has not obtained the relief from the automatic stay required to persist in this collection activity.

22. Santander's failure to voluntarily turn over the Vehicle is a violation of 11 U.S.C. §§ 362(a)(1), (3), (4), (5), and (6).

23. Furthermore, Santander's failure to turn over the Vehicle represents a willful violation of the automatic stay within the meaning of 11 U.S.C. § 362(k). Accordingly, Chambers is entitled to recover from Santander all actual damages, including attorney fees, costs, and expenses, incurred by Chambers for Santander's willful violation of the automatic stay.

24. In addition, Chambers is entitled to recover punitive damages against Santander for its willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k). Punitive damages are warranted in this case because Santander intentionally violated the automatic stay by refusing to turn over the Vehicle after having received actual notice of Chambers' bankruptcy filing. Because the fear of actual damages did not motivate Santander to comply with federal law, the recovery of punitive damages is appropriate to motivate Santander to conduct business properly.

## II. Contempt

25. Paragraphs 1-24 are incorporated herein by reference.

26. This Court maintains the power to hold Santander in civil and/or criminal contempt for violation of the automatic stay provisions stated above. This right is granted to the Court pursuant to its inherent powers included in 11 U.S.C. §§ 105(a) and 362(k). Santander should be held, at least, in civil contempt for willful violation of the automatic stay provisions cited above. Should the Court, after a hearing or trial, find evidence to substantiate criminal contempt, Chambers requests that this Court make findings of fact and conclusions of law and send them to the Federal District Court for approval of criminal contempt.

## III. Conversion

27. Paragraphs 1-26 are incorporated herein by reference.

28. Santander's willful and intentional act of wrongfully retaining the Vehicle constitutes an unauthorized assumption and exercise of dominion and control over the Vehicle and the personal property located therein. This exercise of dominion and control is to the exclusion of, and inconsistent with, Chambers' legal rights. Santander's actions, or lack of affirmative actions, represent the wrongful deprivation of Chambers' possession of her property.

29. Santander has asserted a right in the Vehicle and the property inside the Vehicle that Santander does not have. This interference with Chambers' rights is complete. Santander withheld the Vehicle and the property inside the Vehicle and Chambers was denied an immediate right to possession of her property.

30. As a result of Santander's act of conversion, Chambers is entitled to the market value of her property at the time and place it was converted.

31. As a result of Santander's act of conversion, Chambers is entitled to prejudgment

interest beginning from the date of conversion. This prejudgment interest is compensation for Chambers' lack of use of her property. Alternatively, Chambers is entitled to an appropriate rate per day for the period of conversion.

32. As a result of Santander's act of conversion, Chambers is entitled to all out-of-pocket expenses incurred in regaining her property. This would include all of her attorney fees, costs, and expenses.

33. As a result of Santander's act of conversion, Chambers is entitled to the value of her own time in addressing this wrongful act of conversion.

34. Santander's act of conversion represents actual and/or implied malice. As such, Chambers is entitled to exemplary damages.

## Enhancement

35. Unlike non-bankruptcy lawyers who charge and collect hourly fees and who pass along costs and expenses related to litigation, Chambers' counsel has undertaken a much greater risk in expending funds on behalf of Chambers and in expending attorney time. Attorney time is a non-replaceable asset of a law firm. As a chapter 13 debtor, Chambers is required to pay all of her disposable earnings to the chapter 13 trustee. These disposable earnings are derived from household income and expenses, which also affect Chambers' ability to pay. Chambers entered bankruptcy without excess funds. Although Chambers is responsible for the attorney fees, costs, and expenses incurred in this matter, there is a real and meaningful possibility of non-collectability. Neither Chambers nor the chapter 13 trustee is able to guarantee the attorney fees, costs, and expenses in this case. Should Chambers recover her attorney fees, costs, and expenses, it will happen only due to the exceptional performance and abilities of her attorneys in this case. Accordingly, the attorneys request that this Court award counsel an enhancement of fees, costs,

and expenses of not less than an amount equal to the actual attorney fees, costs, and expenses expended in this case.

## Attorney Fees, Costs, and Expenses on Appeal

36. Chambers also requests that this Court award additional attorney fees, costs, and expenses in the event Santander files an appeal to the Federal District Court and/or the Fifth Circuit Court of Appeals.

## Conclusion

For the reasons stated above, Chambers asks that this Court:

a. enforce the automatic stay provisions of 11 U.S.C. § 362(a);

b. provide for an expedited hearing on those provisions of this Complaint related to turnover of the Vehicle and personal property inside the Vehicle;

c. order the turnover of the Vehicle and personal property inside the Vehicle to Chambers' residence at 4607 Cypresswood Drive #108, Spring, Texas 77379 by a date and time certain;

d. find Santander in civil and/or criminal contempt;

e. find that Santander willfully violated one or more of the automatic stay provisions of 11 U.S.C. § 362(a);

f. sanction Santander for all actual damages, including all attorney fees, costs, and expenses incurred by Chambers for Santander's refusal to turn over the Vehicle and personal property inside the Vehicle;

g. sanction Santander for all actual damages, including all attorney fees, costs, and expenses incurred by Chambers for Santander's willful violation of the automatic stay provisions of 11 U.S.C. § 362(a);

h. award to Chambers, and against Santander, punitive damages for Santander's willful violation of the automatic stay;

i. find that Santander converted the Vehicle and the personal property inside the Vehicle in a manner that was an unauthorized and wrongful assumption and exercise of control over the Vehicle inconsistent with Chambers' legal rights;

j.  award to Chambers, and against Santander, prejudgment interest or an appropriate rate per day for the period of conversion of the Vehicle and the personal property inside the Vehicle;

k.  award to Chambers, and against Santander, all out-of-pocket expenses incurred in regaining the Vehicle and the personal property inside the Vehicle;

l.  award to Chambers, and against Santander, the value of Chambers' own time in addressing Santander's act of conversion;

m.  award to Chambers, and against Santander, exemplary damages for the conversion of the Vehicle and the personal property inside the Vehicle of an amount not less, but possibly greater, than three times the other actual damages incurred by Chambers in prosecuting Santander's act of conversion, including Chambers' attorney fees, costs, and expenses;

n.  award the reimbursement of attorney fees, costs, and expenses incurred by Chambers and billed by Reese W. Baker and Baker & Associates in seeking the turnover or recovery of the Vehicle and for the preparation, filing, and prosecution of this Complaint;

o.  award to Chambers, and against Santander, additional attorney fees, costs, and expenses in the event Santander appeals a judgment on this Complaint to the Federal District Court and/or the Fifth Circuit Court of Appeals; and

p.  award to Chambers any other relief or monetary damages to which she may be entitled under equity or law.

Dated:   January 15, 2020

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
TX Bar No. 01587700
950 Echo Lane, Suite 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net
**Attorney for the Plaintiff**